```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
GREGORY JOHNSON and HELEN                                :
JOHNSON,                                                 :
                                                         :
                              Plaintiffs,                :     20-CV-2169 (VSB)
                                                         :
            - against -                                  :     OPINION & ORDER
                                                         :
                                                         :
COSTCO WHOLESALE CORPORATION,                            :
                                                         :
                              Defendant.                 :
                                                         :
-------------------------------------------------------- X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __7/23/2021__
```

Appearances:

S. Alan LeBlang
Law Offices of Skip Alan LeBlang
New York, NY
*Counsel for Plaintiffs*

Sal F. DeLuca
Allison Cory Leibowitz
Simmons, Jannace, LLP
Syosset, NY
*Counsel for Defendant Costco Wholesale Corporation*

VERNON S. BRODERICK, United States District Judge:

Plaintiffs Gregory Johnson and Helen Johnson ("Plaintiffs" or the "Johnsons") filed this action against Defendant Costco Wholesale Corporation ("Defendant" or "Costco") for what they characterize as a "trip and fall incident." (Doc. 27 at 25.) Specifically, while shopping at Costco's "retail warehouse store" in "Nesconset," New York, Mr. Johnson "caught his foot on . . . low-lying boards" and sustained "grievous injuries." (Doc. 23-2 ("Compl.") ¶¶ 1, 8.)[1] As a

---

[1] "Compl." refers to Plaintiffs' complaint, originally filed in New York State Supreme Court on February 26, 2020, and filed with this court as part of the Defendant's notice of removal on March 11, 2020.

result, he required surgery and rehabilitative therapy. (*Id.* ¶ 28.) Despite living in "Ronkonkoma, New York," (*id.* ¶ 3), the Johnsons filed this negligence action in New York State Supreme Court, New York County, on the basis of Costco's having used a Manhattan address on its foreign corporation registration filed with New York's Secretary of State, (*id.* ¶¶ 4–5). Costco removed the action to this Court on March 11, 2020, (Doc. 1), and moved for a transfer of venue to the Eastern District of New York ("Eastern District") on April 16, 2020, (Doc. 24). Because this action could have been brought in the Eastern District of New York and the relevant factors support transfer, Costco's motion to transfer is GRANTED.

## I.  Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). The party seeking transfer bears the burden of establishing by clear and convincing evidence that transfer is appropriate. *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010). This burden is carried by "list[ing] the . . . witnesses on which [it] intends to rely in the transferee district, along with a general statement of the topics of each witness' testimony.'" *Command Arms Accessories, LLC v. ME Tech. Inc.*, 19 Civ. 6982 (LLS), 2019 WL 5682670, at *6 (S.D.N.Y. Oct. 31, 2019) (quoting *Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, Inc.*, 829 F. Supp. 62, 66–67 (S.D.N.Y. 1993)). In deciding whether this standard has been met, courts in the Second Circuit consider all materials they find compelling and do not restrict their evaluations only to

materials that would satisfy the admissibility requirements of the Federal Rules of Evidence. *See, e.g.*, *Freeplay Music, LLC v. Gibson Brands, Inc.*, 195 F. Supp. 3d 613, 617–18 (S.D.N.Y. 2016) (looking to representations made in attorneys' letters as to location of witnesses); *Kaufman v. Salesforce.com, Inc.*, No. 20 Civ. 6879 (JPC) (SN), 2021 WL 2269552, at *5 (S.D.N.Y. June 3, 2021) (rejecting argument that a transfer analysis should not credit assertions made in a memorandum of law); *Baduria v. Sealift Holdings, Inc.*, 451 F. Supp. 3d 248, 256–57 (E.D.N.Y. 2020) (granting motion to transfer while relying on memoranda of law); *Alpha Indus., Inc. v. Alpha Clothing Co. LLC*, 21 Civ. 87 (KPF), 2021 WL 2688722, at *4 (S.D.N.Y. June 30, 2021) (crediting attorney declarations and memoranda of law in granting motion to transfer).

To determine whether transfer is warranted, a district court engages in a two-step inquiry. *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006). "First, the court must determine whether the action sought to be transferred is one that might have been brought in the transferee court. Second, the court must evaluate . . . several factors relating to the convenience of transfer and the interests of justice." *Id*. (internal quotation marks and citations omitted). These factors include:

> (1) the convenience of witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Ahrens v. CTI Biopharma Corp.*, 16 Civ. 1044 (PAE), 2016 WL 2932170, at *2 (S.D.N.Y. May 19, 2016) (quoting *Robertson v. Cartinhour*, No. 10 Civ. 8442 (LTS) (HBP), 2011 WL 5175597, at *4 (S.D.N.Y. Oct. 28, 2011)).

## II. Discussion

The parties do not dispute that jurisdiction would properly lie in the Eastern District of New York. (*See* Doc. 24 at 5; Doc. 27). Consequently, the only issue is whether a balancing of the relevant factors supports transfer of this action. I find that the factors support transfer.

### A. Convenience of Witnesses

"Convenience of both the party and non-party witnesses is probably the single-most important factor in the analysis of whether transfer should be granted." *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 547 (S.D.N.Y. 2008) (citation omitted). "The convenience of non-party witnesses is accorded more weight than that of party witnesses." *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 402 (S.D.N.Y. 2005). In assessing these factors, "[a] court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum. Instead, the court must qualitatively evaluate the materiality of the testimony that the witnesses may provide." *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) (citation omitted).

This factor clearly favors transfer. Costco names specific current and former "employees" from its Nesconset store who it intends to call as witnesses, and it adds that these witnesses, like the Johnsons themselves, reside on Long Island "in the Eastern District." (Doc. 24 at 11; Doc. 29 at 4–5). Costco also points out that the doctors who treated Mr. Johnson in connection with the injuries at issue in this action treated Mr. Johnson at St. Charles Hospital, (*see id.*), which is about fifteen minutes away from the Eastern District's Central Islip courthouse. Trial in the Eastern District would thus be far more convenient for both party and non-party witnesses.

In response, Plaintiffs argue that Costco failed to provide proper support for its motion because it did not submit proper "evidentiary materials showing" which witnesses may testify at trial. (Doc. 27 at 17.) Plaintiffs do not cite any law demonstrating that a party moving for transfer is required to submit a specific type of evidence. Indeed, in demanding "evidentiary proof," (*id.* at 15), Plaintiffs rely on a case that looks to a memorandum of law in deciding that a transferee forum "would be more convenient for witnesses." *See Lapushner v. Admedus Ltd.*, 18-CV-11530 (ALC), 2020 WL 777332, at *4 (S.D.N.Y. Feb. 14, 2020). As Costco correctly points out, a movant carries its "burden" on a motion to transfer by "list[ing] the . . . witnesses on which [it] intends to rely in the transferee district, along with a general statement of the topics of each witness' testimony." *Command Arms Accessories, LLC*, 2019 WL 5682670, at *6 (quoting *Editorial Musical Latino Americana, S.A.*, 829 F. Supp. 62, at 66–67). Costco provided such a list and description, and Plaintiff has not called into question the accuracy of information provided by Costco.

Plaintiffs next argue that key non-party witnesses—Mr. Johnson's treating doctors—have submitted declarations saying that they "would *not* [be] inconvenience[d] in any way" by having to travel from Eastern Long Island to Manhattan to testify. (Doc. 27 at 20–21.). This is not exactly what the declarations say. Specifically, one of Mr. Johnson's doctors writes that he would not "view[]" having to travel to Manhattan "as an inconvenience in any way" (Doc. 26-5 ¶ 6), and the other says that traveling from "Great Neck" will not "pose [] problems," (Doc. 26-7 ¶ 6). While I appreciate Mr. Johnson's doctors' willingness to testify on behalf of their patient, as well as Great Neck's relative equidistance to Manhattan and Central Islip, they are not the only non-party witnesses. At best, the doctors' statements are neutral considerations with regard to this factor, as they "do not 'negate the convenience that would, on balance, be gained by transfer

5

of this action.'" *Alpha Indus.*, 2021 WL 2688722, at *5 (quoting *CYI, Inc. v. Ja-Ru, Inc.*, 913 F. Supp. 2d 16, 24 (S.D.N.Y. 2012)). Moreover, both doctors indicate that their practices are on Long Island. (Doc. 26-5 ¶ 1; Doc. 26-7 ¶ 1.) For the bulk of the witnesses, Central Islip is the more convenient venue.

### B. Convenience of the Parties

This factor also favors transfer. As previously mentioned, the Johnsons reside in Ronkonkoma, which is around ten minutes from Central Islip by car. By comparison, it takes about an hour to get between Ronkonkoma and lower Manhattan by car and almost two hours by train. Moreover, given that Mr. Johnson needed "comprehensive rehabilitative care" for the injuries giving rise to this case, (Compl. ¶ 28), it should be far more convenient for Plaintiffs to have their day in court in the Eastern District than it would be for them to have it in Manhattan.

### C. Location of Relevant Documents and Relative Ease of Access

This factor is neutral in the analysis. No party seriously pushes the location of documents as bearing weight in determining the venue of this case. Plaintiffs rightfully recognize that our digital age has made the situs of documents largely irrelevant in all but idiosyncratic circumstances. (Doc. 27 at 24 (collecting cases)). Costco argues, without explanation, that "common sense suggests" that it would be more inconvenient with respect to documents to retain this case in the Southern District, (Doc. 29 at 8), but even it recognizes that "technology permits the transfer of documents with minimal difficulty," (*id.*).

### D. Locus of Operative Facts

"Where there is no material connection between the district and the operative facts, . . . the interests of justice require the transfer of the action." *Indian Harbor Ins. Co.*, 419 F. Supp. 2d at 405 (citation omitted). Here, the operative facts all occurred in the Eastern District:

6

Plaintiffs live there; the Costco store at issue is located there; the alleged "trip and fall" occurred there; and Mr. Johnson received medical treatment there. (*See generally* Compl.)  Accordingly, this factor favors transfer.

Plaintiffs attempt to avoid this obvious conclusion by citing a case from the Eastern District of New York for the proposition that the "'location' of a trip and fall incident" is not dispositive for a motion to transfer venue. (Doc. 27 at 26–27 (citing *Myers v. Lennar Corp.*, No. 08-cv-27899 (JFB), ECF No. 33 (E.D.N.Y. May 17, 2010) (slip op.).)  However, the underlying facts of the cited case are not analogous to the facts presented here.  In *Myers*, plaintiff sustained physical injuries "in North Carolina" and both plaintiffs were "residents of th[e] district" in which suit was filed. *See* No. 08-cv-27899 (JFB), ECF No. 33, at 4.  Here, by contrast, Plaintiffs are residents of the Eastern District of New York, and all relevant events occurred in the Eastern District of New York.

### E. Availability of Process to Compel Attendance of Unwilling Witnesses

This factor is neutral.  Under Federal Rule of Civil Procedure 45(c)(1), "[a] subpoena may command a person to attend trial" "within 100 miles of where the person resides, is employed, or regularly transacts business in person."  All of Long Island is within 100 miles of the Eastern District, whereas most—but not all—of Long Island is within 100 miles of the Southern District.  Given that all the identified witnesses work or reside on Long Island, process may be more easily compelled in the Eastern District.

### F. Relative Means of the Parties

This factor is also neutral.  Costco correctly points out that the Johnsons "have made no argument" as to the applicability of this factor. (Doc. 29 at 8).

### G. Forum's Familiarity with Governing Law

7

"Familiarity with the governing law as a factor in determining transfer of venue is generally given little weight in federal courts." *Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474, 479 (S.D.N.Y. 2006) (internal quotation marks omitted). This is true even where, as here, state law claims are at issue. *See Dwyer v. Gen. Motors Corp.*, 853 F. Supp. 690, 694 (S.D.N.Y. 1994) ("The fact that the law of another jurisdiction governs the outcome of the case is a factor accorded little weight on a motion to transfer, however, especially in an instance such as this where no complex questions of foreign law are involved.") (citation omitted). Here, Plaintiffs claims all arise under New York tort law. Therefore, this factor does not militate in favor or against transfer.

### H. Weight Accorded the Plaintiff's Forum

Plaintiff's choice of forum is ordinarily "a decision that is given great weight," *D.H. Blair & Co.*, 462 F.3d at 107; however, "this weight is significantly diminished where the operative facts have no connection to the chosen district," *Lapushner*, 2020 WL 777332, at *4 (internal quotation marks omitted). Plaintiffs' choice of forum has further reduced significance here, where the "forum is neither the plaintiff's home nor the place where the operative facts of the action occurred.'" *Fisher v. Int'l Student Exch., Inc.*, 38 F. Supp. 3d 276, 286 (E.D.N.Y. 2014) (quoting *Hall v. South Orange,* 89 F.Supp.2d 488, 494 (S.D.N.Y.2000)). Therefore, I accord only a small amount of weight to Plaintiff's choice of forum.

### I. Trial Efficiency and Interests of Justice

This factor is neutral. No party makes any argument as to whether this action could be more expeditiously resolved in Manhattan or in Central Islip.

\* \* \*

Considering each of the above factors together, transferring this case to the Eastern

District of New York is not a particularly close call. Most factors militate in favor of transfer, and the most important factors—the convenience of the witnesses and the locus of operative facts—clearly favor transfer.

### III.  Conclusion

For the reasons stated above, Defendant's motion to transfer is GRANTED.

The Clerk of Court is directed to terminate the open motions and to transfer the case forthwith to the Eastern District of New York, Central Islip Division. The seven-day waiting period set forth in Local Rule 83.1 shall be waived.

SO ORDERED.

Dated: July 23, 2021
New York, New York

_____
Vernon S. Broderick
United States District Judge